# EXHIBIT A

FILED 4/17/2024
14th CIRCUIT COURT
MUSKEGON COUNTY

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| 14th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>Muskegon COUNTY | **SUMMONS** | 24- 001794 -NI<br>Case Assigned to:<br>Hon. Kenneth S. Hoopes |

**Court address**: Michael E. Kobza Hall of Justice, 990 Terrace Street, Muskegon, MI 49442

**Court telephone no.**: 231-724-6251

| Plaintiff's name, address, and telephone no. | | Defendant's name, address, and telephone no. |
|---|---|---|
| JOHN CHILDERS, III<br>C/O Plaintiff's Attorney | v | NAVIGATION GLOBAL, LLC<br>C/O Dimitar Simeonov<br>1600 West Lake Street, 103 B – 117<br>Addison, IL 60101 |

Plaintiff's attorney, bar no., address, and telephone no.
MATTHEW G. SWARTZ (P75257)
40 Concord Avenue
Muskegon, MI 49442
(231) 722-2444/mgswartz@wemakeitright.com

**Instructions**: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk | |
|---|---|---|---|
| 04/17/2024 | 07/17/2024 | Karen D. Buie | 04/18/2024 10:30 AM |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.
KAREN D. BUIE -- MUSKEGON COUNTY CLERK

MC 01 (3/23) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Summons (3/23)                                                                         Case No. 24-  001794  -NI

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

☐ I served    ☐ personally    ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached)    a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| | |
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____.
Attachments (if any)                                                        Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

STATE OF MICHIGAN

IN THE 14th CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

JOHN CHILDERS, III,

    *Plaintiff,*

V

JOSEPH ROBERT, and
NAVIGATION GLOBAL, LLC,

    *Defendants.*

Case #21- 001794 -NI

Hon. KENNETH S HOOPES

Matthew G. Swartz (P75257)
SHAFER SWARTZ, PLC
Attorneys for Plaintiff
40 Concord Avenue
Muskegon, MI 49442
(231) 722-2444
mgswartz@wemakeitright.com
rgould@wemakeitright.com

THERE IS NO OTHER CIVIL ACTION ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT WHICH HAS BEEN PREVIOUSLY ASSIGNED AND DISMISSED AFTER HAVING BEEN ASSIGNED TO A JUDGE

/s/ MATTHEW G. SWARTZ
MATTHEW G. SWARTZ (P75257)

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, JOHN CHILDERS, III, by and through Counsel, SHAFER SWARTZ, PLC, and for his cause of action, states as follows:

1. That Plaintiff, JOHN CHILDERS, III, was a resident of the City of Norton Shores, County of Muskegon, State of Michigan, at all times relevant hereto.

Page 1 of 8

2. That upon information and belief, Defendant, JOSEPH ROBERT is a resident of the City of Addison, County of DuPont, State of Illinois.

3. That upon information and belief, Defendant, NAVIGATION GLOBAL, LLC, is an Illinois limited liability company, conducting business in the County of Muskegon, State of Michigan.

4. That the subject cause of action arises from a motor vehicle collision which occurred on or about December 6, 2022, at the intersection of Sherman Boulevard, five feet west of Seaway Drive, in the City of Norton Shores, County of Muskegon, State of Michigan.

5. That this Court has proper jurisdiction over all parties hereto, and the amount in controversy exceeds the sum of $25,000.00, exclusive of attorney fees, costs and interest.

## COUNT I – NEGLIGENCE

6. That Plaintiff restates and realleges the prior allegations as if fully contained herein.

7. That on or about December 6, 2022, Plaintiff, JOHN CHILDERS, III, was operating 2007 Chevrolet Impala, which was at all times relevant hereto, driven in a lawful manner and in a manner free from negligence.

8. That on December 6, 2022, Plaintiff was traveling westbound on Sherman Boulevard at or near its intersection with Seaway Drive.

9. That at the same time, Defendant, JOSEPH ROBERT was operating a 2019 Volvo VT tractor-trailer truck, when he failed to yield, turning left in front of Plaintiff's vehicle, striking the front driver's side of Plaintiff's vehicle.

10. In doing so, the Defendant struck the Plaintiff's vehicle, causing a violent collision.

11. That Defendant, JOSEPH ROBERT owed to the Plaintiff and to others the duty to operate the motor vehicle operated by him in a manner free from negligence, in a manner free from gross negligence and in a manner in accordance with the common law of the State of Michigan, the laws or ordinances of the County of Muskegon, and the laws of the State of Michigan.

12. That as he was operating the motor vehicle, Defendant, JOSEPH ROBERT breached the aforesaid duties by operating his vehicle in a negligent manner, a grossly negligent manner and in a manner in violation of the ordinances of the County of Muskegon and the laws of the State of Michigan, including but not limited to the following:

   a. By failing to yield to Plaintiff's right of way and the right of way of other motorists contrary to MCL 257.649(1);

   b. By failing to exercise reasonable care in the operation of the motor vehicle under his control;

   c. By failing to operate the vehicle under his control at a speed reasonable and prudent for existing conditions and at a speed which

would allow him to retain proper control of the motor vehicle which he was operating;

d. By failing to have the proper training, experience, and by failing to be in the proper physical or mental condition to operate a motor vehicle including but not limited to being under the influence of alcohol, legal or illegal drugs, or by failing to wear or utilize assistive devices required to operate a motor vehicle;

e. By failing to make proper observations and by failing to properly respond to traffic conditions as they existed on or about December 6, 2022;

f. By failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, contrary to MCL 257.627(1);

g. By failing to keep the motor vehicle constantly under control;

h. By operating the motor vehicle with gross negligence in a reckless, wanton disregard for the safety of persons or property, contrary to MCL 257.626;

i. By operating the motor vehicle in a careless or negligent manner likely to endanger person or property, contrary to MCL 257.626(b);

j. By failing to stop in an assured clear distance;

k. Through failing to properly maintain or failing to make certain that the vehicle he was driving was fit for existing roadway conditions;

    l.    By failing to drive at a proper speed and in a manner for existing weather conditions;

    m.    By operating a motor vehicle when Defendant, JOSEPH ROBERT's vision was impaired by his health, by his failure to use proper corrective eyewear, through age, disability, infirmity and inability to properly operate a motor vehicle due to being under the influence of prescriptive or non-prescriptive medication and/or under the influence of alcohol;

    o.    Through failing to allow himself adequate travel time;

    p.    Through other acts of negligence not yet known but to be learned during the course of discovery.

13. That Defendant, JOSEPH ROBERT's acts of negligence and breach of the aforesaid duties proximately caused Plaintiff, JOHN CHILDERS, III, to suffer injuries and damages which constitute a serious impairment of body function pursuant to MCL 500.3135(1) and MCL 500.3135(7) as well as permanent serious disfigurement and that Plaintiff's injuries and damages have forced her to incur wage loss, future wage loss, costs for medical and rehabilitative care. That the injuries suffered by Plaintiff are serious and will force Plaintiff to suffer or may permanently suffer mental anguish, pain and suffering, injuries and limitations including serious impairment of bodily function or permanent or serious disfigurement and aggravation of any pre-existing conditions. That Plaintiff's injuries include the following:

a. Fracture of the left posterior 9th rib;

b. Fracture of the left posterior 10th rib;

c. Comminuted fracture of the 10th rib;

d. Comminuted fracture of the left posterior 11th rib;

e. Hemothorax;

f. Inferior splenic laceration;

g. Transverse fracture base at the 5th metatarsal, left foot;

h. Injury to the right knee, including a sprain and strain, resulting in joint effusion;

i. Non-union of left 5th metatarsal fracture resulting in open reduction and internal fixation;

j. Post-traumatic stress disorder;

k. Injury to the cervical spine, including damage to the disc, bony vertebrae and nerves of the cervical spine, including without limitation, aggravation of any pathology which may have pre-existed the subject collision;

l. Injury to the lumbar spine, including damage to the disc, bony vertebrae and nerves of the lumbar spine, including without limitation, aggravation of any pathology which may have pre-existed the subject collision;

m. Medical bills, past and future;

n. Pain, suffering and mental and psychological anguish;

o. Excess replacement care;

p. Wage loss or actual future loss or earnings to the extent that such losses are recoverable in excess of the No Fault statutory monthly and yearly maximums that are found to apply;

q. Other damages, injuries and consequences that are found to be related to the automobile accident that developed during the course of discovery, to the extent that such damages are recoverable under the Michigan No-Fault Act.

WHEREFORE, Plaintiff, JOHN CHILDERS, III, respectfully requests that this Honorable Court enter a Judgment against Defendant, JOSEPH ROBERT and award damages against said Defendant in whatever amount Plaintiff is found to be entitled to in excess of $25,000.00, plus interest, costs and attorney fees.

## COUNT II—OWNERSHIP LIABILITY

14. The Plaintiff restates and realleges the prior allegations as if fully contained herein.

15. At the time of the motor vehicle accident that is the subject of this complaint, Defendant-Owner NAVIGATION GLOBAL, LLC was the titled and/or registered owner of the motor vehicle being operated by Defendant JOSEPH ROBERT at the time of the motor vehicle collision complained of in this complaint.

16. At the time of the motor vehicle accident that is the subject of this Complaint, Defendant JOSEPH ROBERT was an employee of

Page 7 of 8

NAVIGATION GLOBAL, LLC, and had the express and/or implied permission of Defendant NAVIGATION GLOBAL, LLC to operate the motor vehicle that was titled, registered and/or leased to Defendant NAVIGATION GLOBAL, LLC.

17. Defendant NAVIGATION GLOBAL, LLC, pursuant to the Ownership Liability Statute, is responsible for the negligent acts and/or omissions of Defendant JOSEPH ROBERT the permissive operator of Defendant NAVIGATION GLOBAL, LLC's motor vehicle. MCL 257.401.

18. None of the alleged negligent acts of omission or commission by Defendants were intentional within the meaning of MCL 500.3135(3)(a).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant, and award damages against Defendant in whatever amount Plaintiff is found to be entitled to in excess of $25,000.00, plus interest, costs and attorney fees.

Dated: April 17, 2024                                SHAFER SWARTZ, PLC

                                                     /s/ Matthew G. Swartz
                                                     Matthew G. Swartz (P75257)
                                                     Attorney for Plaintiff
                                                     40 Concord Avenue
                                                     Muskegon, MI 49442
                                                     (231) 722-2444

RECEIVED 4/17/2024

FILED 4/17/2024
14th CIRCUIT COURT
MUSKEGON COUNTY



2024-001794-NI
**CCR-JUR**
NOT PROPOSED

## STATE OF MICHIGAN

### IN THE 14th CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

JOHN CHILDERS, III,

    *Plaintiff,*

v

JOSEPH ROBERT, and
NAVIGATION GLOBAL, LLC,

    *Defendants.*

File No.: 24- 001794 -NI

Hon. KENNETH S HOOPES

---

Matthew G. Swartz (P75257)
SHAFER SWARTZ, PLC
Attorneys for Plaintiff
40 Concord Avenue
Muskegon, MI 49442
(231) 722-2444
*mgswartz@wemakeitright.com*
*rgould@wemakeitright.com*

---

### DEMAND FOR JURY TRIAL

Plaintiff, John Childers, III, hereby demands trial by jury in the above-entitled cause of action against Defendants, Joseph Robert and Navigation Global, LLC.

                                                     SHAFER SWARTZ, PLC

                                                     */s/ Matthew G. Swartz*

                                                     Matthew G. Swartz (P75257)
                                                     Attorney for Plaintiff
                                                     40 Concord Avenue
                                                     Muskegon, MI 49442
                                                     (231) 722-2444

Dated: April 18, 2024

STATE OF MICHIGAN
IN THE MUSKEGON COUNTY CIRCUIT COURT

JOHN CHILDERS, III,

    Plaintiff,

Case No. 24-001794-NI
Hon. Kenneth S. Hoopes

v.

JOSEPH ROBERT and
NAVIGATION GLOBAL, LLC,

    Defendants.

| | |
|---|---|
| SHAFER SWARTZ, PLC<br>By: Matthew G. Swartz (P75257)<br>Attorneys for Plaintiff<br>40 Conard Avenue<br>(231) 722-2444<br>mgswartz@wemakeitright.com<br>rgould@wemakeitright.com | FOSTER SWIFT COLLINS & SMITH PC<br>By: Dirk H. Beckwith (P35609)<br>Attorneys for Defendants<br>28411 Northwestern Hwy., Ste. 500<br>Southfield, MI 48034<br>(248) 539-9918<br>dbeckwith@fosterswift.com |

## DEFENDANTS ANSWER TO PLAINTIFF'S COMPLAINT

Joseph Robert and Navigation Global, LLC ("Defendants") for their Answer to Plaintiff's Complaint state as follows:

1. That Plaintiff, JOHN CHILDERS, III, was a resident of the City of Norton Shores, County of Muskegon, State of Michigan, at all times relevant hereto.

**ANSWER:** Defendants neither admit nor deny the allegations contained in Paragraph 1 of Plaintiff's Complaint because Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1.

2. That upon information and belief, Defendant, JOSEPH ROBERT is a resident of the City of Addison, County of DuPont, State of Illinois.

**ANSWER:** Defendants deny the allegations contained in Paragraph 2 because the allegations are not true.

3. That upon information and belief, Defendant, NAVIGATION GLOBAL, LLC, is an Illinois limited liability company, conducting business in the County of Muskegon, State of Michigan.

**ANSWER:** Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. That the subject cause of action arises from a motor vehicle collision which occurred on or about December 6, 2022, at the intersection of Sherman Boulevard, five feet west of Seaway Drive, in the City of Norton Shores, County of Muskegon, State of Michigan.

**ANSWER:** Defendants admit the subject cause of action arises from a motor vehicle collision which occurred on or about December 6, 2022, at the intersection of Sherman Boulevard and Seaway Drive in Norton Shores, Michigan.

5. That this Court has proper jurisdiction over all parties hereto, and the amount in controversy exceeds the sum of $25,000.00, exclusive of attorney fees, costs, and interest.

**ANSWER:** Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## COUNT I – NEGLIGENCE

6. That Plaintiff restates and realleges the prior allegations as if fully contained herein.

**ANSWER:** Defendants adopt by reference their answers to Paragraphs 1 through 5 of Plaintiff's Complaint as though specifically set forth herein.

7. That on or about December 6, 2022, Plaintiff, JOHN CHILDERS, III, was operating 2007 Chevrolet Impala, which was at all times relevant hereto, driven in a lawful manner and in a manner free from negligence.

**ANSWER:** Defendants neither admit nor deny the allegations contained in Paragraph 7 of Plaintiff's Complaint because Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 7.

8. That on December 6, 2022, Plaintiff was traveling westbound on Sherman Boulevard at or near its intersection with Seaway Drive.

**ANSWER:** Defendants neither admit nor deny the allegations contained in Paragraph 8 of Plaintiff's Complaint because Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 8.

9. That at the same time, Defendant, JOSEPH ROBERT was operating a 2019 Volvo VT tractor-trailer truck, when he failed to yield, turning left in front of Plaintiff's vehicle, striking the front driver's side of Plaintiff's vehicle.

**ANSWER:** Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. In doing so, the Defendant struck the Plaintiff's vehicle, causing a violent collision.

**ANSWER:** Defendants admit the two vehicles struck one another. Defendants neither admit nor deny the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint because Defendants are without knowledge or sufficient information to form a belief as to the truth of the remaining allegations.

11. That Defendant, JOSEPH ROBERT owed to the Plaintiff and to others the duty to operate the motor vehicle operated by him in a manner free from negligence, in a manner free from gross negligence and in a manner in accordance with the common law of the State of Michigan, the laws or ordinances of the County of Muskegon, and the laws of the State of Michigan.

**ANSWER:** Defendants admit owing Plaintiff only such duties as are imposed by law. Defendants deny breaching any such duties owed to the Plaintiff.

12. That as he was operating the motor vehicle, Defendant, JOSEPH ROBERT breached the aforesaid duties by operating his vehicle in a negligent manner, a grossly negligent

3

bodily function or permanent or serious disfigurement and aggravation of any pre-existing conditions. That Plaintiff's injuries include the following:

    a. Fracture of the left posterior 9th rib;

    b. Fracture of the left posterior 10th rib;

    c. Comminuted fracture of the 10th rib;

    d. Comminuted fracture of the left posterior 11th rib;

    e. Hemothorax;

    f. Inferior splenic laceration;

    g. Transverse fracture base at the 5th metatarsal, left foot;

    h. Injury to the right knee, including a sprain and strain, resulting in joint effusion;

    i. Non-union of left 5th metatarsal fracture resulting in open reduction and internal fixation;

    j. Post-traumatic stress disorder;

    k. Injury to the cervical spine, including damage to the disc, bony vertebrae, and nerves of the cervical spine, including without limitation, aggravation of any pathology which may have pre-existed the subject collision;

    l. Injury to the lumbar spine, including damage to the disc, bony vertebrae, and nerves of the lumbar spine, including without limitation, aggravation of any pathology which may have pre-existed the subject collision;

    m. Medical bills, past and future;

    n. Pain, suffering and mental and psychological anguish;

    o. Excess replacement care;

  p. Wage loss or actual future loss or earnings to the extent that such losses are recoverable in excess of the No Fault statutory monthly and yearly maximums that are found to apply;

  q. Other damages, injuries and consequences that are found to be related to the automobile accident that developed during the course of discovery, to the extent that such damages are recoverable under the Michigan No-Fault Act.

**ANSWER:** Defendants neither admit nor deny the allegations contained in Paragraph 13 of Plaintiff's Complaint because Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 13.

  WHEREFORE, Defendants requests that this Court dismiss Count I of Plaintiff's Complaint with prejudice and award Defendants their court costs and attorney fees so wrongfully sustained.

**COUNT II-OWNERSHIP LIABILITY**

  14. Defendants adopt by reference their answers to Paragraphs 1 through 13 of Plaintiff's Complaint as though specifically set for the herein.

  15. At the time of the motor vehicle accident that is the subject of this complaint, Defendant-Owner NAVIGATION GLOBAL, LLC was the titled and/ or registered owner of the motor vehicle being operated by Defendant JOSEPH ROBERT at the time of the motor vehicle collision complained of in this complaint.

**ANSWER:** Defendants admit that at the time of the motor vehicle accident that is the subject of this complaint, NAVIGATION GLOBAL, LLC leased the motor vehicle being operated by JOSEPH ROBERT. Defendants neither admit nor deny the remaining allegations in Paragraph 15

7

of Plaintiff's Complaint because Defendants are without knowledge or sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 15.

16. At the time of the motor vehicle accident that is the subject of this Complaint, Defendant JOSEPH ROBERT was an employee of NAVIGATION GLOBAL, LLC, and had the express and/ or implied permission of Defendant NAVIGATION GLOBAL, LLC to operate the motor vehicle that was titled, registered and/ or leased to Defendant NAVIGATION GLOBAL, LLC.

**ANSWER:** Defendants admit the allegations contained in Paragraph 16.

17. Defendant NAVIGATION GLOBAL, LLC, pursuant to the Ownership Liability Statute, is responsible for the negligent acts and/ or omissions of Defendant JOSEPH ROBERT the permissive operator of Defendant NAVIGATION GLOBAL, LLC' s motor vehicle. MCL 257.401.

**ANSWER:** Defendants neither admit nor deny the allegations contained in Paragraph 17 of Plaintiff's Complaint because Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 17.

18. None of the alleged negligent acts of omission or commission by Defendants were intentional within the meaning of MCL 500.3135(3)(a).

**ANSWER:** Defendants admit that none of the acts or omission or commission by Defendants were intentional within the meaning of MCL 500.3135(3)(a).

WHEREFORE, Defendants request this Court dismiss Count II of Plaintiff's Complaint with prejudice and award Defendants their court costs and attorney fees so wrongfully sustained.

Dated: July 9, 2024　　　　　　　　　　FOSTER SWIFT COLLINS & SMITH PC

By: /s/ *Dirk H. Beckwith*

Dirk H. Beckwith (P35609)
Attorneys for Defendants
28411 Northwestern Highway, Ste. 500
Southfield, Michigan 48034
248.539.9918
dbeckwith@fosterswift.com

## AFFIRMATIVE DEFENSES

Defendants, for their Affirmative Defenses, state as follows:

1. Defendants claim the rights, privileges and immunities provided under MCLA 500.3101 et seq. being the Michigan No Fault Automobile Insurance Law.

2. Plaintiff has failed to state a claim upon which relief may be granted and Defendants are entitled to judgment of No Cause for Action as a matter of law.

3. Any claim by Plaintiff for recovery of economic benefits, damages or payments is barred to the extent provided by the applicable provisions of MCLA 500.3101 et seq.

4. Plaintiff's claim for wage loss benefits and/or loss of earning capacity is specifically prohibited by *Ouellette v Kenealy*, 424 Mich 83, 375 NW2d 470 (1985) and, on that basis, Plaintiff has failed to state a claim upon which relief may be granted.

5. Plaintiff has not sustained injuries amounting to death, serious impairment of body function or permanent, serious disfigurement within the meaning of MCLA 500.3135(1).

6. Plaintiff's injuries have not affected his ability to lead a normal life within the meaning of Michigan's No-Fault Act.

7. The sole, proximate cause of the complained of accident, damages and injuries to the Plaintiff was the negligence and/or comparative negligence of Plaintiff, JOHN CHILDERS, III, in failing to make proper observation, in failing to use due care, caution, and circumspection with respect to her own health, welfare and safety, in failing to keep a proper and safe lookout.

8. Defendants claim the rights, privileges and immunities as provided in Public Act 178 (1986) or commonly known as the Tort Reform Act of 1986.

9. Plaintiff failed to mitigate his damages.

10. JOHN CHILDERS, III violated the dictates of MCLA 257.710(e).

11. There is no proximate causation between the alleged accident and Plaintiff's alleged injuries, if any.

12. Defendants reserve the right to amend their Affirmative Defenses until such time as the discovery process reveals facts which will properly allow them to do so.

Date: July 9, 2024                                FOSTER SWIFT COLLINS & SMITH PC

                                                  /s/ Dirk H. Beckwith
                                                  Dirk H. Beckwith (P35609)
                                                  Attorneys for Defendants
                                                  28411 Northwestern Highway, Ste. 500
                                                  Southfield, Michigan 48034
                                                  248.539.9918
                                                  dbeckwith@fosterswift.com

**PROOF OF SERVICE**

The undersigned certifies that on July 9, 2024, a copy of the foregoing document was served upon all counsel of record via email and U.S. Mail. I declare under penalty of perjury that the above statement is true to the best of my knowledge, information, and belief.

                                                  /s/ Rebecca Alcantar
                                                  Rebecca Alcantar

55204:00026:200506562-1

10